**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUSTICE, *et al.*,<br><br>Defendants. | : | Civil No.: 20-2553 (TJK) |

**ANSWER**

Defendant the U.S. Department of Justice ("DOJ") and its components (the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), the Drug Enforcement Agency ("DEA"), and the U.S. Marshals Service ("USMS")) and Defendant U.S. Department of Homeland Security ("DHS") and its components (U.S. Customs and Border Protection ("CBP"), and U.S. Immigration and Customs Enforcement ("ICE")) (collectively "Defendants"), by and through the undersigned counsel, hereby Answer Plaintiff's Freedom of Information Act ("FOIA") Complaint as follows:

**Complaint for Injunctive and Declaratory Relief**[1]

1. Paragraph 1 characterizes Plaintiff's current complaint and its several FOIA requests, to which a response is not required. If a response is required, Defendants deny the allegations.

2. Defendants admit the allegations in this paragraph.

[1] For ease of reference, Defendants refer to Plaintiff's headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

3. Defendants respectfully refer the Court to Plaintiff's July 23, 2020 FOIA requests to DOJ and DHS their complete and accurate contents and deny any allegations inconsistent thereof. DOJ' Office of Information Policy ("DOJ-OIP") and DHS admit that they granted Plaintiff's expedition request. CBP and ICE admit that they denied Plaintiff's expedition request. ATF admits that Plaintiff sought expedited processing from DOJ-OIP and denies that it received Plaintiff's attachment justifying its request for expedited processing. DEA denies the remaining allegations. USMS admits that it has not replied to Plaintiff's expedition request.

4. Paragraph 4 characterizes Plaintiff's requested relief, to which a response is not necessary. If a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

## Jurisdiction and Venue

5. Defendants admit the allegations in Paragraph 5 as to this Court's jurisdiction.

6. Defendants admit the allegations in Paragraph 6 as to venue.

## Parties

7. Defendants lack knowledge and information to form a belief about the truth of the allegations in Paragraph 7.

8. DOJ admits that it is an agency under the FOIA. The remaining allegations constitute a legal conclusion for which a response is not necessary.

9. DHS admits that it is an agency under the FOIA. The remaining allegations constitute a legal conclusion for which a response is not necessary.

**Statutory and Regulatory Background**

10. This Paragraph characterizes the FOIA, to which a response is not necessary. Defendants respectfully refer the Court to the statute for its complete and accurate content. To the extent that this Paragraph mischaracterizes the FOIA, Defendants deny the allegations.

11. This Paragraph characterizes the FOIA, to which a response is not necessary. Defendants respectfully refer the Court to the statute for its complete and accurate content. To the extent that this Paragraph mischaracterizes the FOIA, Defendants deny the allegations.

12. This Paragraph characterizes the FOIA, to which a response is not necessary. Defendants respectfully refer the Court to the statute for its complete and accurate content. To the extent that this Paragraph mischaracterizes the FOIA, Defendants deny the allegations.

13. This Paragraph characterizes the FOIA, to which a response is not necessary. Defendants respectfully refer the Court to the statute for its complete and accurate content. To the extent that this Paragraph mischaracterizes the FOIA, Defendants deny the allegations.

14. This Paragraph characterizes the FOIA, to which a response is not necessary. Defendants respectfully refer the Court to the statute for its complete and accurate content. To the extent that this Paragraph mischaracterizes the FOIA, Defendants deny the allegations.

15. This Paragraph characterizes DOJ's regulations, to which a response is not necessary. Defendants respectfully refer the Court to the regulations for their complete and accurate content. To the extent that this Paragraph mischaracterizes the regulations, Defendants deny the allegations.

16. This Paragraph characterizes DHS's regulations, to which a response is not necessary. Defendants respectfully refer the Court to the regulations for their complete and accurate content.

To the extent that this Paragraph mischaracterizes the regulations, Defendants deny the allegations.

17. This Paragraph characterizes the FOIA and the regulations of DOJ and DHS, to which a response is not necessary. Defendants respectfully refer the Court to the statute and the regulations for their complete and accurate contents. To the extent that this Paragraph mischaracterizes the regulations, Defendants deny the allegations.

18. This Paragraph characterizes the FOIA, to which a response is not necessary. Defendants respectfully refer the Court to the statute for its complete and accurate content. To the extent that this Paragraph mischaracterizes the FOIA, Defendants deny the allegations.

19. This Paragraph characterizes the FOIA, to which a response is not necessary. Defendants respectfully refer the Court to the statute for its complete and accurate content. To the extent that this Paragraph mischaracterizes the FOIA, Defendants deny the allegations.

## Factual Background

20. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

21. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

22. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

23. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

24. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

25. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

*Federal Agents Deploy to Portland*

26. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

27. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

28. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

29. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

30. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

31. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

32. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

33. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

34. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

35. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

*Operation LeGend and Federal Agents in Other U.S. Cities*

36. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

37. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

38. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

39. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

40. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

*Future Deployment in Portland and in Other U.S. Cities*

41. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

42. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

43. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

*CREW'S FOIA Request to DOJ-OIP*

44. DOJ-OIP received a FOIA request, dated July 23, 2020, from Plaintiff. DOJ-OIP respectfully refers the Court to that FOIA request for a full and accurate statement of its contents and denies any allegations inconsistent thereof.

45. DOJ-OIP admits that in the July 23, 2020 FOIA request, Plaintiff requested a waiver of fees. DOJ-OIP respectfully refers the Court to that FOIA request for a full and accurate statement of its contents and denies any allegations inconsistent thereof.

46. DOJ-OIP admits that in the July 23, 2020 FOIA request, Plaintiff requested expedition. DOJ-OIP respectfully refers the Court to that FOIA request for a full and accurate statement of its contents and denies any allegations inconsistent thereof. DOJ-OIP lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

47. DOJ-OIP admits that by letter dated July 31, 2020, DOJ-OIP acknowledged receipt of the July 23, 2020 FOIA request, granted Plaintiff's request for expedited processing, and informed Plaintiff that DOJ-OIP was invoking "unusual circumstances." DOJ-OIP respectfully refers the Court to DOJ-OIP's July 31, 2020 letter for a full and accurate statement of its contents and denies any allegations inconsistent thereof.

48. Defendant DOJ-OIP admits that it emailed Plaintiff on July 31, 2020, to confirm from which offices Plaintiff sought records, and Plaintiff responded on that same day. DOJ-OIP respectfully refers the Court to the parties' July 31, 2020 emails for a full and accurate statement of their contents and denies any allegations inconsistent thereof.

49. DOJ-OIP admits the allegations in this paragraph.

*CREW's FOIA Request to ATF*

50. ATF admits that Plaintiff submitted a FOIA request to ATF via email dated July 23, 2020. AFT respectfully refers the Court to Plaintiff's FOIA request for its complete and accurate contents and denies any allegations inconsistent thereof.

51. ATF admits that Plaintiff sought a fee waiver in the same FOIA request, and referenced a separate attachment regarding Plaintiff's request for expedited processing. ATF respectfully refers the Court to Plaintiff's FOIA request for its complete and accurate contents, and denies any allegations inconsistent thereof. ATF denies that it received Plaintiff's attachment regarding Plaintiff's request for expedited processing.

52. ATF admits that it acknowledged Plaintiff's request and granted Plaintiff's request for a fee waiver via email on July 30, 2020. Defendant respectfully refers the Court to Plaintiff's FOIA request for its complete and accurate contents and denies any allegations inconsistent thereof.

53. ATF admits the allegations in this paragraph.

*CREW's FOIA Request to DEA*

54. DEA admits that Plaintiff submitted a FOIA request to DEA. DEA respectfully refers the Court to Plaintiff's FOIA request for a full and accurate statement of its contents and denies any allegations inconsistent thereof.

55. DEA admits the allegations in this paragraph.

56. DEA admits that an acknowledgement of the FOIA request was sent to Plaintiff dated July 28, 2020. DEA respectfully refers the Court to Plaintiff's Exhibit for a full and accurate statement of its contents and denies any allegations inconsistent thereof.

57. DEA admits that an acknowledgement of the FOIA request was sent to Plaintiff date July 28, 2020. DEA respectfully refers the Court to Plaintiff's Exhibit for a full and accurate statement of its contents and denies any allegations inconsistent thereof.

58. DEA admits the allegation in this paragraph.

*CREW's FOIA Request to USMS*

59. USMS admits that Plaintiff sent a FOIA request to USMS via email on July 23, 2020. USMS respectfully refers the Court to the FOIA request for a full and accurate statement of its contents and denies any allegations inconsistent thereof.

60. USMS admits that Plaintiff sought a waiver of fees and expedited processing of the FOIA request. USMS respectfully refers the Court to the FOIA request for a full and accurate statement of its contents and denies any allegations inconsistent thereof.

61. USMS denies the allegations in paragraph 61 and avers that USMS sent a correspondence to Plaintiff acknowledging its FOIA request on August 4, 2020.

*CREW's FOIA Request to DHS*

62. DHS admits that Plaintiff submitted a FOIA request via email on July 23, 2020. DHS respectfully refers the Court to the FOIA request for a full and accurate statement of its contents and denies any allegations inconsistent thereof.

63. DHS admits that Plaintiff sought a waiver of fees. DHS respectfully refers the Court to the FOIA request for a full and accurate statement of its contents and denies any allegations inconsistent thereof.

64. DHS admits that Plaintiff sought expedition of its FOIA request. DHS respectfully refers the Court to the FOIA request for a full and accurate statement of its contents and denies any allegations inconsistent thereof. DHS lacks knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph

65. DHS admits that it responded to Plaintiff's FOIA request in an email date on July 31, 2020. DHS respectfully refers the Court to the email correspondence for a full and accurate statement of its contents and denies any allegations inconsistent thereof.

66. DHS admits that it granted Plaintiff's request for expedition. DHS respectfully refers the Court to DHS' response for a full and accurate statement of its contents and denies any allegations inconsistent thereof.

67. DHS admits the allegations in this paragraph.

*CREW's FOIA Request to CBP*

68. CBP admits that Plaintiff submitted a FOIA request via email on July 23, 2020. CBP respectfully refers the Court to the FOIA request for a full and accurate statement of its contents and denies any allegations inconsistent thereof.

69. CBP admits that Plaintiff sought a waiver of fees. CBP also admits that Plaintiff sought expedition of its FOIA request from the DHS Privacy Office. CBP respectfully refers the Court to the Plaintiff's waiver of fess and expedition request for a full and accurate statement of its contents and denies any allegations inconsistent thereof.

70. CBP admits that it emailed Plaintiff an acknowledgment of the FOIA request on July 29, 2020. CBP respectfully refers the Court to the July 29, 2020 FOIA request acknowledgment for a full and accurate statement of its contents and denies any allegations inconsistent thereof.

71. CBP admits that, on August 7, 2020, it emailed Plaintiff. CBP respectfully refers the Court to the August 7, 2020 email for a full and accurate statement of its contents and denies any allegations inconsistent thereof.

72. CBP admits that, on August 7, 2020, Plaintiff emailed CBP. CBP respectfully refers the Court to the Plaintiff's August 7, 2020 email for a full and accurate statement of its contents and denies any allegations inconsistent thereof.

73. CBP admits that in response to CBP questions, the Plaintiff provided a list of names. CBP respectfully refers the Court to the Plaintiff's response for a full and accurate statement of its contents and denies any allegations inconsistent thereof.

74. CBP admits that in response to CBP questions, the Plaintiff provided a list of email domains. CBP respectfully refers the Court to the Plaintiff's response for a full and accurate statement of its contents and denies any allegations inconsistent thereof.

75. CBP admits that in response to CBP questions, the Plaintiff provided a list of key words of specific interest. CBP respectfully refers the Court to the Plaintiff's request for a full and accurate statement of its contents and denies any allegations inconsistent thereof.

76. CBP admits that it sent an email dated August 26, 2020, to Plaintiff noting that their request for expedited processing had been denied. CBP respectfully refers the email for a full and accurate statement of its contents and denies any allegations inconsistent thereof.

77. CBP admits that it sent an email dated August 26, 2020, to Plaintiff addressing their fee waiver request. CBP respectfully refers the email for a full and accurate statement of its contents and denies any allegations inconsistent thereof.

78. CBP admits the allegations in this paragraph.

*CREW's FOIA Request to ICE*

79. ICE admits that Plaintiff submitted a FOIA request dated July 23, 2020, which was received on July 24, 2020. ICE respectfully refers the Court to the FOIA request for a complete and accurate description of its content and denies any allegations inconsistent thereof.

80. ICE admits that Plaintiff sought a fee waiver and expedited processing. ICE respectfully refers the Court to the FOIA request for a complete and accurate description of its content and denies any allegations inconsistent thereof.

81. ICE admits that it acknowledged receipt of Plaintiff's FOIA request on July 24, 2020. ICE respectfully refers the Court to its July 24, 2020 acknowledgement for a complete and accurate description of its content and denies any allegations inconsistent thereof.

82. ICE admits that it acknowledged receipt of Plaintiff's FOIA request on July 24, 2020. ICE respectfully refers the Court to its July 24, 2020 acknowledgement for a complete and accurate description of its content and denies any allegations inconsistent thereof.

83. ICE admits that Plaintiff responded on July 24, 2020 in an email. ICE respectfully refers the Court to Plaintiff's July 24, 2020 email for a complete and accurate description of its content and denies any allegations inconsistent thereof.

84. ICE admits that it responded to Plaintiff on July 28, 2020 via email. ICE respectfully refers the Court to its July 28, 2020 email for a complete and accurate description of its content and denies any allegations inconsistent thereof.

85. ICE admits the allegations in this paragraph.

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
### (DOJ's Wrongful Withholding of Agency Records)

86. Defendants incorporate by reference their responses to paragraphs 1 through 85 as if fully set out herein.

87. Paragraph 87 is a legal conclusion, to which a response is not necessary..

88. Paragraph 88 is a legal conclusion, to which a response is not necessary.

89. Paragraph 89 is a legal conclusion, to which a response is not necessary.

90. Defendants deny that Plaintiff is entitled to any relief whatsoever.

**CLAIM TWO**

**(DOJ'S Failure to Grant Expedition)**

91. Defendants incorporate by reference their responses to paragraphs 1 through 90 as if fully set out herein.

92. Paragraph 92 is a legal conclusion, to which a response is not necessary. To extent response is required, Defendants lack knowledge and information to form a belief about the truth of the allegations in Paragraph 92.

93. Paragraph 93 is a legal conclusion, to which a response is not necessary. DOJ-OIP denies the allegations in this Paragraph as it granted Plaintiff's request for expedition.

94. Paragraph 94 is a legal conclusion, to which a response is not necessary.

95. Defendants deny that Plaintiff is entitled to any relief whatsoever.

**CLAIM THREE**

**(DHS's Wrongful Withholdings of Agency Records)**

96. Defendants incorporate by reference their responses to paragraphs 1 through 95 as if fully set out herein.

97. Paragraph 97 is a legal conclusion, to which a response is not necessary. To extent response is required, Defendants lack knowledge and information to form a belief about the truth of the allegations in Paragraph 97.

98. Paragraph 98 is a legal conclusion, to which a response is not necessary.

99. Paragraph 99 is a legal conclusion, to which a response is not necessary.

100. Defendants deny that Plaintiff is entitled to any relief whatsoever.

**CLAIM FOUR**

**(DHS'S Failure to Grant Expedition)**

101. Defendants incorporate by reference their responses to paragraphs 1 through 100 as if fully set out herein.

102. Paragraph 102 is a legal conclusion, to which a response is not necessary. DHS denies the allegations in this Paragraph as it granted Plaintiff's request for expedition.

103. Paragraph 103 is a legal conclusion, to which a response is not necessary.

104. Paragraph 104 is a legal conclusion, to which a response is not necessary.

105. Defendants deny that Plaintiff is entitled to any relief whatsoever.

**REQUESTED RELIEF**

The remainder of the Complaint, Paragraphs (1) through (6), consists of Plaintiff's prayer for relief to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

Defendants hereby deny all allegations in Plaintiff's Complaint not expressly admitted or denied.

**DEFENSES**

Defendants reserve the right to amend, alter and supplement the responses and defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to the Defendants through the course of this litigation. Defendants deny any and all allegations in Plaintiff's Complaint not expressly admitted herein. Moreover, without waiving, limiting, modifying or amending the foregoing, Defendants assert the following defenses, in the alternative where appropriate, and to the extent the pleadings and the evidence so indicate.

**First Defense**

Plaintiff is not entitled to information or records protected from disclosure by one or more exemptions to the FOIA. 5 U.S.C. § 552.

**Second Defense**

The Court lacks subject-matter jurisdiction to award relief that exceeds that authorized by FOIA.

**Third Defense**

To the extent Plaintiff's FOIA requests seek matters that are not "agency records," or seek matters exempt from disclosure under the FOIA, the Court lacks subject matter jurisdiction to compel the agency to produce such matters.

**Fourth Defense**

To the extent Plaintiff's FOIA requests seek matters that are not "agency records," or seek matters exempt from disclosure under the FOIA, the Complaint fails to state a claim upon which relief can be granted with respect to such matters.

Dated: December 16, 2020

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN
D.C. BAR # 924092
Chief, Civil Division

By: ______//s//*John C. Truong*______
JOHN C. TRUONG
D.C. BAR #465901
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2524
E-mail: John.Truong@usdoj.gov
Counsel for Defendants