UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | : : : | |
| Plaintiff, | : : | |
| v. | : : | Civ. No.:20-2553 (TJK) |
| DEPARTMENT OF JUSTICE, *et al.*, | : : : : | |
| Defendants. | : : | |

**JOINT STATUS REPORT**

Pursuant to the Court's February 4, 2021 Minute Order, counsel for the parties conferred and respectfully submit the following report to apprise the Court of the progress of this Freedom of Information Act ("FOIA") matter:

**I.     Plaintiff's FOIA Requests**

This case concerns seven FOIA requests filed by Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") on July 23, 2020. These requests seek, broadly speaking, documents related to "the actual or planned deployment of federal law enforcement in response to protests for racial justice across the country, in addition to policies that governed federal authorities' treatment of these protesters." Compl. ¶ 2 (ECF 1). CREW filed these requests with the U.S. Department of Justice ("DOJ"), and its components the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), the Drug Enforcement Agency ("DEA") and the U.S. Marshals Service ("USMS"); and the U.S. Department of Homeland Security ("DHS"), and its

**Error! Unknown document property name.**

components U.S. Customs and Border Protection ("CBP") and U.S. Immigration and Customs Enforcement ("ICE").

## II. Plaintiff's Priorities/Positions

CREW respectfully asks the Court to enter a production schedule for each agency. In the prior Joint Status Report ("JSR"), CREW negotiated in good faith with the agencies to set expectations for their search and production efforts. CREW agreed to several compromises in order to find a mutually acceptable schedule and avoid this Court's intervention. Yet, as described below, multiple agencies failed to meet the commitments made to CREW and to the Court in the prior JSR. When CREW asked about the missed deadlines, these agencies showed little urgency in correcting the issues or providing CREW with the information necessary to engage in negotiation over next steps. Despite repeated requests, CREW did not receive updates on most agencies' status until today. Given the amount of time that has passed since CREW filed its FOIA requests almost nine months ago, the public's interest in the requested records—as recognized by several agencies' decisions to grant "expedited" processing for the requests—and the multiple failures to meet the representations set forth in the prior JSR, CREW respectfully asks the Court to order the production deadlines proposed below.

Though the agencies contend that CREW's proposed production deadlines are arbitrary, review of 500 pages per month and monthly rolling productions have been granted in FOIA cases in this district. Further, the agencies have not justified why they cannot meet the proposed deadlines. If the Court would like to discuss this issue, CREW would welcome the opportunity to appear at a status conference.

## III. Status of Agencies' and Components' Responses to FOIA Requests

**Error! Unknown document property name.**

### A. Agencies' Responses to Plaintiff's FOIA Requests

#### 1. U.S. Department of Homeland Security ("DHS")

DHS has completed its search for records in four of its offices, each of which resulted in no responsive records being located. DHS continues to search for records in a fifth office and expects that search to be completed by the date the next Joint Status Report is scheduled to be filed. At that time, DHS expects to know whether records located, if any, are responsive to Plaintiffs' FOIA request.

**Plaintiff's Position**: Plaintiff submitted the instant FOIA request to DHS on July 23, 2020. On July 31, 2020, DHS confirmed that it had granted expedition as to CREW's request—recognizing the "particular urgency to inform the public" about this "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence."

In the last JSR, filed February 3, 2021, DHS reported that it had completed searches in four of its offices. ECF No. 16, at 2. It appears that the agency has made no measurable progress in the two months since. After almost nine months since CREW's expedited FOIA request was filed, DHS remains unable to indicate even whether any responsive records exist.

Given the amount of time that has passed since CREW's expedited FOIA request to DHS, CREW respectfully requests that DHS be required to begin producing responsive non-privileged material by May 5, 2021. CREW also respectfully requests that DHS be required to review 500 pages per month and to provide rolling productions of responsive non-privileged material every month after May 5, 2021.

**DHS's response:** CREW is incorrect in claiming that there was no measurable progress. Contrary to Plaintiff's claim, DHS explained that it completed its search of four offices and

found no responsive records and it is now searching a fifth office.  Contrary to CREW's position, this is substantial progress given the breadth of CREW's request. Moreover, as explained in the previous JSR (ECF No. 16), "in FY 2020, the FOIA Division received 24,151 requests and the DHS Privacy Office is currently involved in about 90 lawsuits, 35 of which were filed in FY 2020."  Despite knowing the number of FOIA requests and pending FOIA litigation handled by DHS, CREW nevertheless arbitrarily requires DHS to produce 500 pages per months on a rolling basis beginning on May 5, 2021.  CREW's position is unreasonable and has no basis in fact given that DHS has not even completed its search for responsive documents.

2. **U.S. Department of Justice ("DOJ")**

On behalf of DOJ, the Office of Information Policy ("OIP") is responding to Plaintiff's FOIA request in this case.  OIP has completed its initial search, which identified approximately 18,736 potentially responsive documents.  At this time, OIP does not anticipate conducting any additional searches, but this may change as OIP continues to assess the need for additional searches (e.g., targeted inquiries to knowledgeable leadership via "keyword" searches, or searches of additional repositories).  OIP will initiate such additional searches as appropriate. OIP's responsiveness review has been completed and approximately 1,700 pages containing records responsive to Plaintiff's request have been identified.  Please note that there are likely to be duplicative records contained within these 1,700 pages which will be identified and excluded manually by OIP as the records are processed.   OIP anticipates providing interim responses beginning May 7, 2021, and occurring monthly thereafter.

<u>Plaintiff's Position</u>:  In the prior JSR, OIP committed to completing a responsiveness review on or around March 3, 2021, and to providing a page count of responsive records and a processing and response schedule at that time.  ECF No. 16, at 3.  It did not do so.  On March 9,

**Error! Unknown document property name.**

2021, CREW asked about the status of OIP's outstanding responsiveness review and production schedule.  CREW did not receive any updates until a March 19, 2021 teleconference, during which counsel for OIP indicated that OIP's responsiveness review was not complete.  Counsel also indicated that OIP had conducted additional searches and located additional documents, but could not provide the number of potentially responsive documents or search terms used.[1]

CREW has received no explanation as to why OIP did not meet the representations that it set forth in the prior JSR.  Nor has OIP explained why it needs until May 7, 2021—two months after the deadline for completing its responsiveness review—to begin production.  Given the amount of time that has passed since CREW's FOIA request and the repeated failure of OIP to adhere to its scheduling commitments, CREW respectfully requests that OIP be required to produce at least 500 pages of responsive non-privileged material by April 19, 2021.  CREW also respectfully requests that OIP be required to review 500 pages and to provide rolling productions of responsive non-privileged material every month after April 19, 2021.

**OIP/DOJ Response:**  CREW fails to provide a factual basis for imposing a 500 page per month requirement upon OIP/DOJ and arbitrarily sets a deadline of April 19, 2021.  The Court should reject CREW's arbitrary position. OIP/DOJ has committed to producing documents on a rolling basis and the Court should allow the agency to meet that commitment on its own. Leading up to the preparation of the JSR, the undersigned discovered that he incorrectly informed CREW that OIP/DOJ was conducting additional searches when in fact, as explained above, the agency would conduct additional searches if necessary.  As part of the "meet and

---

[1] OIP/DOJ Response: As elaborated below, the undersigned government counsel inadvertently and incorrectly informed CREW that OIP/DOJ was conducting additional searches when it was not. The government counsel informed CREW of this inadvertent error today.

**Error! Unknown document property name.**

confer" for this JSR, the undersigned counsel alerted CREW to this inadvertent error and apologizes to CREW for the confusion. The undersigned surmises that Plaintiffs' position may be informed by the incorrect information; however, the agency should not be prejudiced by the undersigned's inadvertent error.

> B. **Agency-Components' Responses to Plaintiff's FOIA Requests**
>
> 1. **Drug Enforcement Administration ("DEA")**

DEA has completed its review of electronic records for potential responsiveness to Plaintiff's FOIA request and plans both to send consultations to other agencies and to make a direct release of the remaining responsive, nonexempt electronic records to Plaintiff on or before April 16, 2021.

**Plaintiff's Position:** In the prior JSR, filed on February 3, 2021, DEA committed to providing a processing and response schedule after responsiveness review was complete, which DEA estimated would be on or around March 3, 2021. ECF No. 16, at 3.

Like OIP, DEA failed to meet the commitments it made in the JSR. On March 9, 2021, CREW asked for information about DEA's responsiveness review and its proposed processing schedule. CREW did not receive any updates until a March 19, 2021 teleconference, during which counsel for DEA indicated that DEA's responsiveness review was not complete.[2] Counsel also explained that the agency would begin rolling productions on April 5, 2021.

Though it now appears that DEA will not begin productions on April 5, 2021, CREW is amenable to DEA's proposal of April 16, 2021 to complete production of responsive documents

---

[2] DEA's position: As elaborated below, the undersigned incorrectly informed CREW that DEA had not completed its responsiveness review when CREW inquired about the status of that effort.

6

not requiring consultation by other agencies. Given the amount of time that has passed since CREW's FOIA request to DEA and the repeated failure of DEA to adhere to its scheduling commitments, CREW respectfully requests that DEA be ordered to meet this deadline. CREW also asks the Court order DEA to send all records requiring consultation to the consulting agencies by April 16, 2021.

**DEA's response:** CREW misunderstood DEA's position in the previous JSR. There was no requirement that DEA actually must notify CREW when it completed its responsiveness review. Leading up to the drafting of the JSR, the undersigned revisited correspondence with DEA and discovered that the undersigned incorrectly informed CREW that DEA had not completed its review when DEA in fact completed its responsiveness when CREW inquired about the progress on March 9, 2021. The undersigned informed CREW of this inadvertent error during the "meet and confer" for the JSR and apologizes to CREW for that confusion. The undersigned surmises that Plaintiffs' position may be informed by the incorrect information; however, DEA should not be prejudiced by the undersigned's inadvertent error. In any event, DEA has indicated that it would provide nonexempt electronic records to Plaintiff on or before April 16, 2021, and therefore there is no need for judicial intervention relating to DEA.

2. **Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF")**

At this time ATF has commenced its review and processing of approximately 25,000 potentially responsive records to Plaintiff's FOIA request. ATF started its rolling production of documents beginning with its first production on March 31, 2021, reviewing 545 pages, removing 247 pages as non-responsive or duplicative, referring 149 pages, and releasing 149 pages either in part or in full. ATF will continue to use its best efforts to review 500 pages per

**Error! Unknown document property name.**

month, and for rolling production purposes every thirty days thereafter.  ATF will provide a further progress report in the next Joint Status Report.

**Plaintiff's Position**:  In the prior JSR, filed on February 3, 2021, ATF committed to make a first interim production of responsive non-privileged material on March 31, 2021.  ATF met this deadline.  ATF proposes to continue using its best efforts to review 500 pages per month and to provide rolling productions of responsive non-privileged material every thirty days after March 31, 2021.  CREW respectfully requests that ATF be required to adhere to this production schedule.  CREW invites ATF to meet and confer regarding the scope of potentially responsive records, as there may be ways to narrow the universe of 25,000 potentially responsive records such that ATF's response to this FOIA does not last several years.

**ATF's response**:  ATF maintains its proposal to continue using its best efforts to review 500 pages per month, and to provide rolling productions of responsive non-privileged material every thirty days after March 31, 2021, to allow ATF to address any unforeseen circumstances or obstacles in the review and processing of records.  ATF accepts CREW's invitation to confer on the scope of its review and production.

### 3. United States Marshals Services ("USMS")

To date, the USMS has located approximately 2,200 pages of pages of potentially responsive documents.   The USMS has completed its search for potentially responsive documentation and the Agency is currently processing the records for release to the Plaintiff but does not have an estimated production date at this time.  If possible, USMS will provide an update on its anticipated production schedule in the next JSR.

**Plaintiff's Position**:  In the prior JSR, which was filed on February 3, 2021, USMS committed to completing a responsiveness review on or around March 3, 2021.  ECF No. 16, at

4. USMS has not adhered to this commitment. CREW received no information about the status of USMS's review until today. It remains unclear whether USMS has completed the responsiveness review that it said it would complete by March 3, 2021. Moreover, USMS provides no explanation as to why it cannot provide an estimated production deadline.

Given the amount of time that has passed since CREW's FOIA request to USMS and the failure of USMS to adhere to its scheduling commitments, CREW respectfully requests that USMS be required to review 500 pages and to begin rolling productions of responsive non-privileged material by May 5, 2021. CREW also respectfully requests that USMS be required to review 500 pages per month and provide rolling productions of responsive non-privileged material every month after May 5, 2021.

**USMS's response**: CREW arbitrarily requires USMS to produce 500 pages per month. CREW fails to explain how it came up with this arbitrary number. USMS intends to provide a production schedule by Defendants' next proposed JSR on June 5, 2021.

### 4.      U.S. Immigration and Customs Enforcement ("ICE")

In response to Plaintiff's FOIA request, ICE tasked the program offices of Enforcement and Removal Operations (ERO) and Homeland Security Investigations (HSI) with conducting searches. In order to provide Plaintiff with responsive records as quickly as possible, ICE identified records previously produced in a similar FOIA request and ICE believes these records are responsive to Plaintiff's request. ICE processed 1670 pages and released 205 pages to Plaintiff on March 26, 2021. The next anticipated production date is April 16, 2021. ICE will provide a further progress report in the next Joint Status Report.

**Plaintiff's Position:** In the prior JSR, ICE committed to begin rolling productions of responsive non-privileged material on March 26, 2021. ECF No. 16, at 4. ICE met this

deadline. In the same JSR, ICE also committed to process 500 pages per month on a rolling basis after March 26, 2021. Plaintiffs respectfully request that ICE be required to adhere to this production schedule of 500 pages of responsive non-privileged material every thirty days.

**ICE's response**: CREW's position shows that it does not have any issue with ICE. Therefore, there is no need for judicial intervention relating to ICE.

### 5.  U.S. Customs and Border Protection ("CBP")

CBP has conducted some searches and is currently conducting additional searches. CBP will start processing records at a rate of 250 pages per month, on a monthly rolling basis, beginning on May 5, 2021. Search efforts are ongoing, and CBP will provide a further progress report in the next Joint Status Report.

<u>**Plaintiff's Position**</u>: In the prior JSR, CBP committed to making a first production of responsive records by February 19, 2021, and to provide a monthly processing schedule by that same date. ECF No. 16, at 5.

CBP failed to meet its commitments. On March 9, 2021, CREW asked about CBP's failure to produce documents by February 19, 2021. CREW received no substantive response until March 19, when CREW received CBP's first interim response. The interim response stated that CBP had identified 272 pages of responsive records, all of which had been sent to other unidentified agencies for consultation. CBP did not indicate when those documents would be produced or the total universe of responsive records. Nor did CREW receive a proposed monthly processing schedule. During a teleconference on March 19, 2021, counsel for CBP explained that CBP would like to narrow the search terms it is using to locate responsive documents. CREW replied that it was amenable to narrowing, and asked which terms CBP was using and the volume of results. To date, CREW has received no response.

**Error! Unknown document property name.**

Given the amount of time that has passed since CREW's FOIA request to CBP and CBP's failures to adhere to its scheduling commitments, CREW respectfully requests that CBP be required to review 500 pages of responsive material and provide its next production by April 19, 2021—one month from its prior production. CREW also respectfully requests that CBP be required to review 500 pages per month and provide rolling productions of responsive non-privileged material every month after April 19, 2021.

**CBP's response**: As indicated, CBP has committed to producing 250 pages per month while it is conducting searches. Yet, CREW arbitrarily requires CBP to produce 500 pages per month by April 19, 2021, particularly when the search is on-going.

IV.   **Next Joint Status Report**

**Defendants' Position**: Given the substantial progress made by the Defendants and the developments set forth above, Defendants propose that the Court require the Parties to submit another Joint Status Report on June 5, 2021, to apprise the Court of the progress of this case. A sixty-day progress report is reasonable as it allows time for those agencies that are still conducting searches for responsive documents to complete their search efforts. Moreover, the sixty-day time allows the agencies that are now releasing records to make additional progress on that front.

**Plaintiff's Position**:  CREW respectfully requests that the Court order another Joint Status Report to be filed by May 19, 2021, which will allow CREW to bring to the Court's attention any missed deadlines should the Court enter CREW's proposed production schedule. CREW also asks that the parties be ordered to meet and confer in advance of the day of filing.

[*Signature block on the next page*]

Dated: April 5, 2021

*/s/ Ari Holtzblatt*
Ari Holtzblatt
(D.C. Bar No. 1009913)
Jessica A. Lutkenhaus
(D.C. Bar No. 1046749)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, D.C. 20006
Phone: (202) 663-6000
Facsimile: (202) 663-6363
ari.holtzblatt@wilmerhale.com
jessica.lutkenhaus@wilmerhale.com

Kelsey Quigley
(*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Phone: (650) 858-6000
Facsimile: (650) 858-6100
kelsey.quigley@wilmerhale.com

Nikhel Sus
(D.C. Bar No. 1017937)
Citizens for Responsibility and Ethics in Washington
1101 K Street, N.W., Suite 201
Washington, D.C. 20005
Phone: (202) 408-5565
Facsimile: (202) 588-5020
Nsus@citizensforethics.org

*Counsel for Plaintiff*

Respectfully submitted,

CHANNING D. PHILLIPS
D.C. Bar #415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By:    */s/ John C. Truong*
JOHN C. TRUONG
D.C. BAR #465901
Assistant United States Attorney 555 4th Street, N.W. Washington, D.C. 20530
Tel: (202) 252-2524
Fax: (202) 252-2599
E-mail: John.Truong@usdoj.gov
Counsel for Defendants

**Error! Unknown document property name.**